**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jerry J. Lukes; Blanche Lukes, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>American Family Mutual Insurance Company, a Wisconson corporation, et al.,<br><br>    Defendant. | No. 04-2022-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Plaintiffs' Motion for Reconsideration (doc. 113). The Court now rules on the motion.

I.     INTRODUCTION

On August 24, 2006, the Court granted the Defendants Motion for Summary Judgment with respect to the Plaintiffs' claim of bad faith. The Plaintiff now moves for reconsideration of that decision on the ground that the Court "overlooked" several of the Plaintiff's arguments.

II.     LEGAL ANALYSIS AND CONCLUSION

A motion seeking reconsideration of a grant of summary judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of

law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993); *United States ex rel Conveyor Rental & Sales Co. v. Aetna Casualty and Surety Co.,* 1991 WL 495733, *1 (D. Ariz. 1991). Such a motion, however, may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. *See, e.g., Fed. Deposit Ins. Agency v. World Univ.,* 978 F.2d 10, 16 (1st Cir. 1992); *accord Backlund,* 778 F.2d at 1388; 1 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28.

The Plaintiffs do not allege that the controlling law has changed since this Court rendered its initial decision. Rather, they argue that the Court erred in its application of the facts of this case. As noted above, the Plaintiffs contend that the Court overlooked the Plaintiffs arguments. The Plaintiffs then proceed to reargue the same facts and argument that they presented in their opposition to the Defendant's Motion for Summary Judgment.

The Court did not fail to consider the arguments raised by the Plaintiffs in this case merely because it did not mention every single fact raised by the Plaintiff. The Plaintiffs are not entitled to reconsideration of the facts or arguments that they already raised in opposition to summary judgment. *Backlund,* 778 F.2d at 1388. Motions for reconsideration cannot be used to ask the Court "to rethink what the court has already thought through," merely because a plaintiff disagrees with the Court's decision. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983); *See Refrigeration Sales Co.* 605 F.Supp. at 8. Such disagreements should be dealt with in the normal appellate process, not on a motion for reconsideration under Rule 59(e). *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993); *Refrigeration Sales Co., Inc. v. Mitchell-Jackson Inc.,* 605 F.Supp. 6, 7 (N.D. Ill. 1983).

This case does not fall within one of those narrow instances where reconsideration is appropriate. The moving party must show more than a disagreement with the court's decision; the court should not grant a motion for reconsideration unless there is need to correct a clear error of law or prevent manifest injustice. *Database Am., Inc.* 825 F.Supp. at

1220; *Refrigeration Sales Co., Inc.,* 605 F.Supp. at 7. Such is not the case here. The Court finds that the Plaintiffs have failed to set forth sufficient grounds to cause the Court to reconsider its August 24, 2006, Order granting summary judgment in favor of the Defendant on the Plaintiffs' bad faith claim.

Accordingly,

IT IS ORDERED denying the Plaintiff's Motion for Reconsideration (doc. 113).

DATED this 13th day of September, 2006.

James A. Teilborg
United States District Judge